**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4532

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL TRACY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.   Sol Blatt, Jr., Senior District Judge.   (CR-02-518)

Submitted:  January 28, 2004        Decided:  February 27, 2004

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Wells Dickson, Jr., Charleston, South Carolina, for Appellant. Robert Hayden Bickerton, Carlton R. Bourne, Jr., Assistant United States Attorneys, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carl Tracy, Jr., pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and was sentenced to 250 months imprisonment and five years supervised release. Tracy's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious issues for appeal, but asking the court to consider if Tracy's sentence is excessive for a first-time offender. Tracy has filed a pro se supplemental brief raising two issues. None of Tracy's claims were preserved in the district court. Therefore, they are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 526-27 (4th Cir. 2002).

First, Tracy asserts that the district court erred in calculating his sentence. However, our review of the district court's application of the sentencing guidelines discloses no error. Tracy's sentence did not exceed the statutory maximum and was within a properly calculated guideline range. Accordingly, we deny relief on this claim.

Next, Tracy contends that the district court erred in determining the amount of drugs attributable to him. In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy. See United States

v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992).  Here, Tracy did not object to the drug quantity contained in the presentence report, and the district court correctly adopted the factual findings of the presentence report.  See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).  Accordingly, we deny relief on this claim as well.

Finally, Tracy contends that sufficient evidence did not exist to prove he possessed a firearm in violation of 18 U.S.C. § 924(c)(2000).  This charge was dismissed pursuant to a written plea agreement.  To the extent that Tracy attempts to contest the inclusion of the firearm in the offense level computation of the presentence report, the argument is without merit.  "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661 (2000).  Therefore, the district court did not err in considering Tracy's possession of a firearm in determining his appropriate sentence. See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).

Pursuant to Anders, we have reviewed the record and find no potentially meritorious issues.  We therefore affirm Tracy's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED